UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TYCHICUS P.L. GREEN, | No. C 14-1994 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF No. 1] |
| PELICAN BAY STATE PRISON MEDICAL DEPT., | |
| Defendant. | |

## INTRODUCTION

Tychicus P.L. Green, an inmate at Pelican Bay State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He has consented to proceed before a magistrate judge. ECF No. 5. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and gives Mr. Green leave to file an amended complaint.

## STATEMENT

Mr. Green alleges the following in his complaint about his knee problems. An MRI done in 2005 showed a tear in Mr. Green's right patella tendon, and he was told that he would need surgery. Another MRI done in 2009 showed thickening of the same tendon and a need for surgery. Mr. Green has chronic pain in his right knee and has tried to seek medical care at Pelican Bay. "However, no medical assistance is being provided nor is pain medication being provided on a

C 14-1994 LB
ORDER

chronic level of care." ECF No. 1 at 3. He has been denied surgery. His two sports knee braces were taken without any reason being provided.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted).

Even with liberal construction, the complaint does not state a claim upon which relief may be granted because there is no viable defendant. The lone named defendant is the "Pelican Bay State Prison Medical Dept." A medical department is a place rather than an entity capable of being sued.

Even if the prison's medical department was considered an agency of the State of California, the medical department would not suffice as a defendant because it would be immune from the suit. The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); *see also Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act). The Pelican Bay State Prison Medical Dept. is dismissed as a defendant.

Leave to amend will be granted so that Mr. Green may attempt to name individual persons as defendants for his Eighth Amendment claims. He may not refer to them as a group (e.g., "the defendants" or "the doctors"); rather, he must identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

In his amended complaint, Mr. Green may, for example, name as defendants the particular doctors and nurses who refused to provide surgery and adequate pain medication, as well as the health care provider(s) or correctional officer(s) who have confiscated his knee braces. He must allege facts showing that each individual defendant knew of and disregarded a risk to his health by, for example, denying surgery, failing to provide an adequate supply of pain medication, or confiscating his knee brace. To give defendants fair notice of his claims, Mr. Green also should allege the dates on which each defendant acted with deliberate indifference to his medical needs.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **July 21, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: June 12, 2014

_____
LAUREL BEELER
United States Magistrate Judge