1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES  DISTRICT COURT

## Northern District of California

### San Francisco Division

TYCHICUS P.L. GREEN,

                    Plaintiff,

        v.

PELICAN BAY STATE PRISON
MEDICAL DEPT.,

                    Defendant.

_____/

No. C 14-1994 LB

**ORDER OF SERVICE**

[Re: ECF Nos. 10 and 11]

## INTRODUCTION

Tychicus P.L. Green, an inmate at Pelican Bay State Prison, filed this *pro se* prisoner's civil

rights action under 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 1915A, the court reviewed his

complaint and dismissed it with leave to amend.  Mr. Green then filed an amended complaint, which

is now before the court for review under 28 U.S.C. § 1915A.  This order directs that the Marshal

serve the complaint on two defendants so that they may respond to it.

## STATEMENT

Mr. Green alleges the following in his amended complaint: Mr. Green has chronic right knee

pain due to a tear in the patellar tendon, his knee has been repaired three times, and his knee requires

a brace to stay stable.  Dr. Adams "did not do anything but touch my knee and stated to 'stay off it'"

each time Mr. Green saw him for medical assistance for his knee brace and knee pain.  ECF No. 10

C 14-1994 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

at 3.  Nurse practitioner Risenhoover also saw Mr. Green for his knee problems and told him only to "stay off your feet."  *Id.*  Mr. Green's knee pain is worsening.

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* complaints must be liberally construed.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted).  For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.* (citation and internal quotation marks omitted).

Giving the *pro se* amended complaint the liberal construction to which it is entitled, Mr. Green indicates that he needs a knee brace and to have his chronic knee pain addressed, and that Dr. Adams and NP Risenhoover have instead just told him to reduce use of his knee when he has sought

1    medical care.   Liberally construed, the amended complaint states a cognizable claim against Dr.

2    Adams and NP Risenhoover for an Eighth Amendment violation based on their alleged deliberate

3    indifference to his serious medical needs.

4        The court instructed Mr. Green to provide the dates on which each defendant acted with

5    deliberate indifference, but the amended complaint has no dates at all.  ECF No. 8 at 3.  If Mr. Green

6    knows the dates, he should file an "amendment to amended complaint" no later than **September 5,**

7    **2014**, in which he lists the dates on which Dr. Adams and NP Risenhoover allegedly were

8    deliberately indifferent to his medical needs.  It may be that Mr. Green doesn't know the specific

9    dates, however, and reliance on his medical records will be necessary to establish those dates.  Mr.

10   Green's medical records are available to defendants and can be consulted by them to see the dates on

11   which he sought care for knee issues.  If Mr. Green does not file the amendment by the deadline, he

12   will not, without an extremely good reason, be able to dispute the correctness of the treatment dates

13   shown in the medical records the defendants provide with their dispositive motion,

## CONCLUSION

15   1.   The amended complaint states a cognizable § 1983 claim against Dr. N. Adams and Nurse

16   Practitioner Risenhoover for a violation of Mr. Green's Eighth Amendment rights.

17   2.   The clerk shall issue a summons and the United States Marshal shall serve, without

18   prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents

19   in the case file upon Dr. N. Adams and Nurse Practitioner Risenhoover, both of whom apparently

20   work on the medical staff at Pelican Bay State Prison.

21   3.   In order to expedite the resolution of this case, the following briefing schedule for dispositive

22   motions is set:

23       a.   No later than **September 26, 2014,** defendants must file and serve a motion for

24   summary judgment or other dispositive motion.  If defendants are of the opinion that this case

25   cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the

26   motion is due.  If defendants file a motion for summary judgment, defendants must provide to

27   Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a

28   motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).   If the motion is based on non-

UNITED STATES DISTRICT COURT
For the Northern District of California

1   exhaustion of administrative remedies, defendants must comply with the notice and procedural

2   requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

3         b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be

4   filed with the court and served upon defendants no later than **October 24, 2014**.  Plaintiff must bear

5   in mind the notice and warning regarding summary judgment provided later in this order as he

6   prepares his opposition to any motion for summary judgment.

7         c.    If defendants wish to file a reply brief, the reply brief must be filed and served no

8   later than **November 7, 2014**.

9       4.  Plaintiff is provided the following notices and warnings about the procedures for motions for

10   summary judgment:

11       The defendants [may make] a motion for summary judgment by which they seek to have your
    case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil

12       Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to
    oppose a motion for summary judgment.  Generally, summary judgment must be granted when

13       there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that
    would affect the result of your case, the party who asked for summary judgment is entitled to

14       judgment as a matter of law, which will end your case.  When a party you are suing makes a
    motion for summary judgment that is properly supported by declarations (or other sworn

15       testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
    specific facts in declarations, depositions, answers to interrogatories, or authenticated

16       documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'
    declarations and documents and show that there is a genuine issue of material fact for trial.  If

17       you do not submit your own evidence in opposition, summary judgment, if appropriate, may be
    entered against you.  If summary judgment is granted, your case will be dismissed and there will

18       be no trial.

19   *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

20       If a defendants file a motion for summary judgment for failure to exhaust administrative

21   remedies, they are seeking to have the case dismissed.   A plaintiff faced with such a motion can

22   oppose it using the same methods as described above for other summary judgment motions.  As with

23   other defense summary judgment motions, if a motion for summary judgment for failure to exhaust

24   administrative remedies is granted, the case will be dismissed and there will be no trial.

25       5.  All communications by plaintiff with the court must be served on a defendant's counsel by

26   mailing a true copy of the document to the defendant's counsel.  The court may disregard any

27   document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel

28   has been designated, plaintiff may serve a document by mailing a true copy of the document directly

C 14-1994 LB
ORDER

4

to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.   Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8.   Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

9.   Plaintiff's amended application for leave to proceed *in forma pauperis* is GRANTED.  ECF No. 11.  However, the court will not set a new initial partial filing fee because the court already sent the June 12, 2014 order setting the partial filing fee to the prison's trust account office and a second order possibly would cause an extra deduction from plaintiff's inmate trust account.  Even though he has a lower initial partial filing fee, the full amount of the filing fee eventually will be paid by deductions from his inmate trust account as money is put into it.

**IT IS SO ORDERED.**

Dated: July 31, 2014

LAUREL BEELER
United States Magistrate Judge